**FILED**

NOV _1 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1  BENJAMIN B. WAGNER
   United States Attorney
2  CHRISTOPHER S. HALES
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900

5

6  Attorneys for Plaintiff
   United States of America
7

8                IN THE UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 UNITED STATES OF AMERICA, | CASE NO.  2:08-CR-376 EJG |
| 12                    Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS |
| 13 v. | UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND |
| 14 [GILILLAND et al.] | ORDER |
| 15 LEONARD WILLIAMS and JOSHUA CLYMER, | |
| 16 |  |
| 17                    Defendants. | |

18                            **STIPULATION**

19        Plaintiff United States of America, by and through its counsel of record, and defendants

20  Leonard Williams and Joshua Clymer, by and through their counsel of record, hereby stipulate as

21  follows:

22        1.       The two remaining defendants in this case were charged by third superseding

23  indictment on February 23, 2012.  Defendant Clymer was newly charged and the scheme was

24  expanded to include approximately ten newly-identified mortgage transactions.  Defendant Clymer's

25  counsel was new to the case and required additional time to become familiar with it.  On October 30,

26  2012, defendant Clymer filed a proposed substitution of attorney. (Dkt. #459.)

27        2.       By previous order, this matter was set for status on November 2, 2012, and time was

28  excluded under the Speedy Trial Act for defense preparation.

1

3.      By this stipulation, defendants now move to continue the status conference until December 14, 2012 and to exclude time between November 2, 2012 and December 14, 2012 under Local Code T4.  Plaintiff does not oppose this request.

4.      The parties agree and stipulate, and request that the Court find the following:

a.      The government has represented that the discovery associated with this case includes approximately 13,500 pages of documents produced to defense counsel in searchable electronic format and with a discovery index.  This discovery consists of loan records, escrow records, banking records for entities and individuals, and IRS/FBI-related materials such as witness interview summaries and related evidence.  Discovery has been available for inspection and copying, but in the interest of lessening the burden on the defense and facilitating movement of the case, the government has scanned and produced the material.

b.      Because of the volume of materials and the complexity of the mortgage transactions at issue, as well as defendant Clymer's pending substitution of counsel, counsel for defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, to review discovery for this matter, to discuss potential resolutions, to prepare pretrial motions, and to otherwise prepare for trial.

c.      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.      The government does not object to the continuance.

e.      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

f.      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 2, 2012 to December 14, 2012, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the

1  public and the defendants in a speedy trial.

2       5.      Nothing in this stipulation and order shall preclude a finding that other provisions of

3  the Speedy Trial Act dictate that additional time periods are excludable from the period

4  within which a trial must commence.

5  IT IS SO STIPULATED.

6  DATED:     October 31, 2012.

7                           /s/ Christopher S. Hales
                         CHRISTOPHER S. HALES

8                           Assistant United States Attorney

9

10                           /s/  Joseph Wiseman *
                         JOSEPH WISEMAN

11                           Counsel for Defendant LEONARD WILLIAMS

12

13                           /s/  Chris Cosca *
                         CHRIS COSCA

14                           Counsel for Defendant JOSHUA CLYMER

15

16                           /s/ William Portanova *
                         WILLIAM PORTANOVA

17                           [Proposed] Counsel for Defendant JOSHUA CLYMER
                         [Substitution Pending]

18                           * Signed with permission granted via email

19

20

21                                   **O R D E R**

22           IT IS SO FOUND AND ORDERED  this _____1st_____ day of _____Nov._____, 2012.

23

24                                                                                                                                     HON. EDWARD J. GARCIA
                         UNITED STATES SENIOR DISTRICT JUDGE

25

26

27

28