BENJAMIN B. WAGNER
United States Attorney
CHRISTOPHER S. HALES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:08-CR-376 WBS |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [~~PROPOSED~~] FINDINGS AND ORDER |
| v. | |
| LEONARD WILLIAMS and JOSHUA CLYMER, | |
| Defendants. | |

**STIPULATION**

        Plaintiff United States of America, by and through its counsel of record, and defendants

Leonard Williams and Joshua Clymer, by and through their counsel of record, hereby stipulate as

follows:

        1.        The two remaining defendants in this case were charged by third superseding

indictment on February 23, 2012.  Defendant Clymer was newly charged and the scheme was

expanded to include approximately ten newly-identified mortgage transactions.  Defendant Clymer's

counsel was new to the case and required additional time to become familiar with it.  In October

2012, defendant Clymer was permitted to substitute in new counsel.  ECF No. 461.  In April 2013,

defendant Clymer was permitted to change counsel again, returning to his original appointed

counsel.  ECF Nos. 490, 492.  Trial was set for December 3, 2013.  ECF No. 497.  On July 1, 2013,

counsel for defendant Clymer informed the Court he could not confirm the December 2013 trial date

1   and needed additional time to prepare.

2       2.    By previous order, this matter was set for status on November 12, 2013, and time was

3   excluded under the Speedy Trial Act for defense preparation.

4       3.    By this stipulation, defendants now move to continue the status conference until

5   January 13, 2014 at 9:30 a.m., and to exclude time between November 12, 2013 and January 13,

6   2014 under Local Code T4.  Plaintiff does not oppose this request.

7       4.    The parties agree and stipulate, and request that the Court find the following:

8       a.    Counsel for defendant Clymer recently finished a lengthy homicide trial.  The

9   government recently learned that due to an inadvertent scanning error, some of Clymer's bank

10  records that it intended to produce were not on discs previously provided to the defense.  On October

11  8, 2013, the government produced these bank records (approximately 250 pages) to counsel for both

12  defendants.  Discovery associated with this case now includes approximately 14,000 pages of

13  documents produced to defense counsel in searchable electronic format and with a discovery index.

14  This discovery consists of loan records, escrow records, banking records for entities and individuals,

15  and IRS/FBI-related materials such as witness interview summaries and related evidence, and some

16  early Jencks discovery.  Discovery has been available for inspection and copying, but in the interest

17  of lessening the burden on the defense and facilitating movement of the case, the government has

18  scanned and produced the material.

19      b.    Because of the recent unavailability of Clymer's counsel due to his homicide trial, as

20  well as the recently produced discovery and the volume and the complexity of the mortgage

21  transactions at issue, counsel for defendants desire additional time to consult with their clients, to

22  review the current charges, to conduct investigation and research related to the charges, to review

23  discovery for this matter, to discuss potential resolutions, to prepare pretrial motions, and to

24  otherwise prepare for trial.

25      c.    Counsel for defendants believe that failure to grant the above-requested continuance

26  would deny them the reasonable time necessary for effective preparation, taking into account the

27  exercise of due diligence.

28      d.    The government does not object to the continuance.

2

e.    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

f.    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 12, 2013 through January 13, 2014, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

5.    Nothing in this stipulation and order shall preclude a finding that other provisions of

3

1  the Speedy Trial Act dictate that additional time periods are excludable from the period

2  within which a trial must commence.

3  IT IS SO STIPULATED.

4  DATED:        November 7, 2013.

5                              /s/ Christopher S. Hales_____
                               CHRISTOPHER S. HALES
6                              Assistant United States Attorney

7

8                              /s/  Joseph Wiseman *_____
                               JOSEPH WISEMAN
9                              Counsel for Defendant LEONARD WILLIAMS

10

11                             /s/  Chris Cosca *_____
                               CHRIS COSCA
12                             Counsel for Defendant JOSHUA CLYMER

13

14                             * Signed with permission granted via email

15

16                                      **O R D E R**

17        IT IS SO FOUND AND ORDERED.

18  Dated:  November 8, 2013

19

20                             WILLIAM B. SHUBB
                               UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

                                        4